IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOHN MAURITZ HUMMASTI,

        Plaintiff,

    v.

REPUBLIC OF PAKISTAN, et al.,

        Defendants.

No. 3:21-cv-01852-MO

OPINION AND ORDER

MOSMAN, J.,

    Plaintiff John Mauritz Hummasti brings this action against Defendants Republic of Pakistan, Zahra Biloo, and Twitter. Mr. Humamasti has applied to proceed in forma pauperis ("IFP"). I GRANT his Application for Leave to Proceed IFP [ECF 1]. However, I DISMISS his Complaint [ECF 2] with prejudice.

## DISCUSSION

    I must dismiss a complaint filed IFP before service of process if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556

1 – OPINION AND ORDER

U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A "complaint 'must provide sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.'" *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016) (alteration accepted) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The factual allegations must "plausibly suggest an entitlement to relief." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Courts must construe pro se pleadings liberally and give plaintiff the benefit of the doubt. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). "Although a *pro se* litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Here, Mr. Hummasti's complaint fails to satisfy Rule 8. Of the rule's three requirements, his complaint meets only two: it contains a short and plain statement of the grounds for the Court's jurisdiction and a demand for the relief sought. [ECF 2] at 5, 8. However, the complaint fails to demonstrate Mr. Hummasti is entitled to relief. *See* [ECF 2] at 5–8.

I dismiss Mr. Hummasti's complaint with prejudice because he will be unable to amend his pleadings to demonstrate he is entitled to relief. Simply put, the Court cannot grant Mr. Hummasti the relief he seeks. Twitter is a private corporation and therefore unable to violate an individual's First Amendment right to free speech. Further, the Court cannot grant Mr. Hummasti the injunctive relief he seeks against Zahra Biloo or the Government of Pakistan based off of the facts alleged. The complaint cites no law that could support such an action, nor does one exist.

## CONCLUSION

I GRANT the Application for Leave to Proceed IFP [ECF 1], and for the reasons discussed above, I DISMISS the Complaint [ECF 2] with prejudice.

IT IS SO ORDERED.

DATED this 7th day of January, 2022.

_____
MICHAEL W. MOSMAN
United States District Judge

3 – OPINION AND ORDER